

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# Myers v. AK Steel Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4258

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Myers v. AK Steel Corp" (2005). *2005 Decisions.* Paper 139.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4258
_____


JOSEPH MYERS,

Appellant

v.


AK STEEL CORPORATION;
BUTLER ARMCO INDEPENDENT UNION, U.A.W.


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00674)
District Judge:  The Honorable Donetta W. Ambrose


_____


Submitted Under Third Circuit LAR 34.1(a)
October 18, 2005

Before: SMITH, STAPLETON, and NYGAARD, Circuit Judges.


(Filed: December 8, 2005 )


_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Joseph Myers, an employee of the AK Steel Corporation and a member of the Butler Armco Independent Union, U.A.W., was terminated in 2001 for insubordination. He filed suit against both AK Steel and the Union alleging that he was retaliated against for refusing to follow his employer's allegedly unsafe and illegal trucking practices and that the Union failed to adequately represent him with respect to his termination. The District Court dismissed his complaint for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6). We will affirm.

## I.

Myers was terminated from his employment at AK Steel for failure to follow his supervisor's orders. An arbitrator upheld Myers' termination. Myers subsequently brought state law breach of contract claims against both AK Steel and the Union and a state law fraud claim against AK Steel. At all times relevant to this appeal, Myers was represented by appellee Butler Armco Independent Union, U.A.W. This case was removed to the U.S. District Court pursuant to the Labor Management Relations Act (LMRA). *See* 29 U.S.C. § 185(a); 29 U.S.C. § 160(b).

AK Steel moved to dismiss all claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6) because Myers' claims were preempted by § 301 of the LMRA and hence,

time-barred under § 10(b) of the National Labor Relations Act (NLRA).  The Union moved to have all claims against it dismissed.

The District Court granted the motions to dismiss on all counts.  It held that Myers' breach of contract claims were preempted by § 301 and therefore, time-barred under § 10(b).  The District Court also found Myers' fraud claims to be time-barred under Pennsylvania's statute of limitations for fraud claims.

Myers raises the following issues on appeal: (1) whether the District Court erred in granting defendants' motions to dismiss; (2) whether the District Court erred in applying the § 10(b) statute of limitations to Myers' claims; (3) whether the District Court erred in failing to estop defendants' from asserting the statute of limitations defense; and (4) whether the District Court erred when it applied the § 10(b) statute of limitations because it placed an undue burden on Myers.

We need only discuss the applicability of the § 10(b) statute of limitations to Myers' claims because they are preempted by § 301 of the LMRA, and consequently, time-barred under the six-month statute of limitations established in § 10(b) of the NLRA.

**II.**

Although Myers attempts to portray this as an independent contract claim, it cannot be considered without reference to the collective bargaining agreement.

Therefore, the preemptive effect of § 301 is implicated. Section 301 has broad preemptive effect and precludes state consideration and regulation of collective bargaining disputes. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). However, § 301 does not limit federal court jurisdiction exclusively to disputes arising out of collective bargaining agreements. *Textile Workers Union v. Lincoln Mills of Alabama*, 353 U.S. 448, 450-41 (1957). Section 301 also encompasses state claims that require the application and interpretation of collective bargaining agreements. *Allis-Chalmers Corp.*, 471 U.S. at 210; *see also, Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992) (employees' breach of contract claim regarding a "buy out plan" through which departing employees would receive benefits in a lump sum payment was preempted by § 301); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987) (employee's breach of contract claim and state law tort claims for fraud, negligent misrepresentation, intentional infliction of emotional distress and negligent infliction of emotional distress were all preempted by § 301).

Myers also alleges that his Union failed to represent him adequately in his discharge process and failed to advise him of the limited time in which he had to file suit. A hybrid suit such as this must be brought within the six-month statute of limitations mandated by § 10(b) of the NLRA. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983).

4

An employee alleging breach of the collective bargaining agreement between his or her employer and the union must exhaust contractually-mandated grievance and arbitration procedures before he or she is permitted to file suit under § 301. *See e.g., Clayton v. Int'l Union,* 451 U.S. 679, 681 (1981); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965). Hence, the date on which the statute began to run was November 30, 2001, the day on which Myers exhausted the arbitration process mandated under the collective bargaining agreement. Because he did not file suit in the District Court until nearly two and half years after the arbitrators' ruling, his claims are time barred under § 10(b).

Finally, Myers argues that the statute should be equitably tolled because he was defrauded by AK Steel. However, the fraud he claims concerned AK Steel's alleged disregard for the law of freight transport. Even assuming this was fraud, it did not prevent him from filing his claim within the statute of limitations. Equitable tolling principles apply only when fraudulent conduct inhibits the plaintiff's ability to bring a timely suit. *See Resolution Trust Corp. v. Farmer*, 865 F. Supp. 1143, 1153 (E.D. Pa. 1994).

**IV**.

5

Myers' claims are preempted by § 301 of the LMRA. Therefore, he was required to file suit within the six-month statute of limitations period of § 10(b). Because he filed his claims nearly two and a half years after the conclusion of the arbitration proceedings, Myers' claims are time barred. The order of the District Court will be affirmed.

_____